```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :      NO. 12-128
         v.                     :
                                :      CIVIL ACTION
THADDEUS VASKAS                 :      NO. 16-134
```

MEMORANDUM

Bartle, J.                                          March 31, 2016

Before the court is the motion of defendant Thaddeus Vaskas ("Vaskas") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel.

On March 21, 2013, Vaskas pleaded guilty to one count of possession of child pornography on his computer in violation of 18 U.S.C. § 2252(a)(4)(B). Shortly before sentencing, he moved to withdraw his guilty plea. The court held an evidentiary hearing at which Vaskas testified. The court found that his guilty plea was knowing and voluntary and denied the motion. On January 28, 2014, the court sentenced him to 168 months in prison, to be followed by fifteen years of supervised release. Vaskas, we note, had had a previous conviction in the Middle District of Pennsylvania for possession of child pornography. The Court of Appeals affirmed our decision not to permit Vaskas to withdraw his guilty plea on January 22, 2015. United States v. Vaskas, 597 F. App'x. 701 (3d Cir. 2015). He timely filed his present § 2255 motion.

Vaskas had successive attorneys in the District Court. The first was Benjamin Cooper, Esquire, who represented him until shortly before Vaskas decided to move to withdraw his guilty plea. At that point Vaskas had become dissatisfied with Cooper. On November 15, 2013, Cooper moved to withdraw as his counsel. The court granted the motion and on November 25, 2013, appointed Michael Brunnabend, Esquire, to represent Vaskas. Shortly thereafter, new counsel filed Vaskas' motion to withdraw his guilty plea.

In support of his § 2255 motion, Vaskas cites two reports of a defense computer expert named Tammie Loehrs ("Loehrs") hired by Cooper. The first Loehrs report, which Vaskas had seen before his guilty plea, concluded that Vaskas was not responsible for the pornographic images on his computer as they were the fault of "software," "spam," and "popups." Vaskas claims that Cooper fired the expert without consulting him and failed to share with him Loehrs' second report. Vaskas contends that he did not see the second report until after his guilty plea and shortly before filing his motion to withdraw that plea. While Brunnabend declined on the record to introduce the second report at the hearing on Vaskas' motion to withdraw his plea, Vaskas claimed at the hearing that the report concludes that "a virus took over my computer" and "obviously put images on my

computer that I had no knowledge of." See Tr. of Hearing on Motion to Withdraw Plea at 13 (Dec. 20, 2013).

Vaskas claims that both his attorneys were ineffective. First, he asserts that Cooper was deficient in failing to provide him with Loehrs' second report before his guilty plea. As to Brunnabend, Vaskas maintains that he failed him at the change of plea hearing. According to Vaskas, Brunnabend (1) did not ask him whether he was innocent and instead asked him whether in his mind he was innocent, (2) did not elicit a chronology of events, (3) did not offer the second Loehrs report into evidence, and (4) did not elicit from him that he had initially told the agents he was innocent and had no idea that Loehrs had written a second report corroborating his innocence.

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant can establish ineffective assistance of counsel only if he shows that counsel's efforts "fell below an objective standard of reasonableness" under "prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. The Supreme Court explained that "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In analyzing the burden of proof, it held that there is a "strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

At the guilty plea hearing, Vaskas was advised of his constitutional rights. He stated that he was satisfied with the representation of Cooper. The facts underlying the charge of possession of child pornography against him were recited in detail by the Assistant United States Attorney. The facts included the Government's forensic evidence of the nature and quality of child pornography on Vaskas' computer and the download of pornographic images. Vaskas thereafter agreed that the recitation was accurate. He understood the element of the charge against him that he "knowingly possessed an item of child pornography." He acknowledged that he understood the maximum and mandatory minimum penalties. At the end, he advised the court he was pleading guilty because he was in fact guilty. Afer hearing his answers and observing his demeanor, the court found that he knowingly and voluntarily waived his right to a trial and accepted his plea of guilty.

Vaskas was well aware of the Government's evidence as well as the first Loehrs report when he pleaded guilty. He admitted under oath and under penalty of perjury that he was in fact guilty. We found no basis to allow him to withdraw his guilty plea in December 2013, and see no basis now to find that Cooper's representation of him was ineffective. The failure of

Vaskas to see the second Loehrs report, which reiterated the conclusion of the first report that Vaskas had done nothing culpable, does not undermine his knowing and voluntary decision to plea guilty.

The Court of Appeals on direct appeal has already affirmed our ruling disallowing Vaskas to withdraw his guilty plea. See Vaskas, 597 F. App'x 701. The Court rejected Vaskas' argument that he should be permitted to withdraw his plea because he did not have the second Loehrs report. The Court stated that "Vaskas failed to make a sufficient assertion of innocence" and that at the guilty plea hearing he "stated under oath that he knowingly possessed child pornography on his computer in violation of § 2255(a)(4)(B)." Id. at 703. The Court characterized Vaskas as "claiming that he would have gone to trial had he known about the [second Loehrs] report because he *might* have been acquitted based on its findings. In essence, Vaskas is saying that he misjudged his prospects at trial. And our caselaw makes clear that this is not sufficient to warrant withdrawal of a guilty plea." Id. at 703. Again, Vaskas can establish that Cooper was ineffective only by showing that but for Cooper's errors, the result would have been different. See Strickland, 466 U.S. at 694. The Third Circuit has rejected this argument. See Vaskas, 597 F. App'x at 703. Vaskas' arguments

against Cooper are not only without merit but in essence precluded by the decision of the Court of Appeals.

Vaskas' assertions against Brunnabend are likewise unavailing.  There is simply nothing about his failure to do what Vaskas alleges that creates a reasonable probability that the result here would have been different had he acted as Vaskas now demands or that undermines confidence in the outcome of the guilty plea hearing.  See Strickland, 466 U.S. at 694.

Vaskas has not and cannot credibly assert his innocence and has not provided any other valid reason to withdraw his guilty plea.  See United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).  There is nothing in the record to undermine confidence in the outcome.  See Strickland, 469 U.S. at 694.  Thus, Vaskas cannot demonstrate that his attorneys were deficient in their representation of him.  Neither Cooper nor Brunnabend provided Vaskas with ineffective assistance of counsel.  Accordingly, the motion of Vaskas for relief under 28 U.S.C. § 2255 will be denied.